**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2233-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JULIAN A. PENA, a/k/a JULIAN
PENASANTANA, and JULIAN
A. SANTANA,

     Defendant-Appellant.

_____

Submitted December 19, 2019 – Decided January 29, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-02-0119.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Stanton Perrone, First Assistant Deputy Public Defender, of counsel and on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julian Pena appeals his November 28, 2017 conviction by a jury of second-degree robbery, N.J.S.A. 2C:15-1. He alleges the trial court erred by denying his request to instruct the jury on the lesser included charge of theft by unlawful taking, N.J.S.A. 2C:20-3(a). We affirm the conviction. The trial court did not abuse its discretion in concluding the facts of the case presented no rational basis to include a jury instruction on theft.

I.

Captain Andrew King of the Elizabeth Police Department testified to the jury that he and his partner were on patrol in a marked vehicle on Broad Street in Elizabeth when he "observed a commotion on the sidewalk to the right of the bus stop there." He saw a man pulling another man "to the ground by an object around his neck." When defendant pulled the man to the ground, defendant "went around his neck and pulled the object away from his neck" and fled. He described it as not a "typical shove to the ground" but "pulling somebody violently down . . . by an item on their neck and then . . . going around the person and trying to rip it off their neck." The captain chased defendant, apprehending him a short distance away. The victim approached the captain "indicat[ing] that something was taken from his neck." His neck was bruised and there was a

"fresh scratch-type wound." The victim's necklace was recovered from defendant in his search incident to arrest.

The victim testified he had just gotten off the bus in Elizabeth, holding packages and his four-year-old daughter, who was asleep in his arms. Defendant went past him and turned around. He "felt that somebody grabbed [him] by the neck." He was "surprised" and dropped the bags. He then tried to put down his daughter but defendant "took advantage of that and [defendant] pushed [him] while [he] was carrying [his] daughter in [his] arms." Defendant then grabbed the necklace "really hard." The chain broke and defendant ran away with the necklace.

The trial court rejected the defense request—to which the State did not object—to instruct the jury on theft from a person as a lesser included offense of second-degree robbery. The trial court found there was not "a rational basis for a verdict convicting . . . defendant of the included offense" because "[t]he fact that the injuries were so severe to the victim [made] it fairly clear that a significant amount of force had to be used in order to create those injuries."

Defendant was convicted by a jury of second-degree robbery, N.J.S.A. 2C:15-1. He was sentenced on November 3, 2017, to a five-year term of imprisonment, subject to an eighty-five percent period of parole ineligibility

under the No Early Release Act, N.J.S.A. 2C:43-7.2, and three years of parole supervision.

On appeal, defendant raises this issue for our review:

> THE TRIAL COURT DENIED MR. PENA A FAIR TRIAL AND DUE PROCEESS OF LAW BY REFUSING TO ALLOW THE JURY TO CONSIDER THEFT AS AN ALTERNATIVE VERDICT TO ROBBERY.

## II.

"[A]ppropriate and proper [jury] charges are essential to a fair trial." State v. Baum, 224 N.J. 147, 158-59 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)). "Because proper jury instructions are essential to a fair trial, 'erroneous instructions on material points are presumed to' possess the capacity to unfairly prejudice the defendant." State v. McKinney, 223 N.J. 475, 495 (2015) (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004)).

Theft "is a lesser-included offense of robbery." State v. Cassady, 198 N.J. 165, 177 (2009) (quoting State v. Ingram, 196 N.J. 23, 39 (2008)). Under N.J.S.A. 2C:1-8(e), a court "shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." A two-prong test is used to determine if the lesser-included offense should be charged to the jury: "(1) . . . the requested charge

[must] satisfy the definition of an included offense set forth in N.J.S.A. 2C:1-8(d), and (2) . . . there [must] be a rational basis in the evidence to support a charge on that included offense." Cassady, 198 N.J. at 178 (quoting State v. Thomas, 187 N.J. 119, 131 (2006)). The issue here is "whether the evidence presents a rational basis on which the jury could acquit the defendant of the greater charge and convict the defendant of the lesser." Ibid. (quoting State v. Brent, 137 N.J. 107, 117 (1994)).

Defendant argues the court abused its discretion by not instructing the jury on the lesser included offense of theft. He contends the use of force was directed toward the victim's jewelry and not the victim himself. The record does not support that argument.

Theft of movable property requires proof that a person "unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof." N.J.S.A. 2C:20-3(a). The second-degree-robbery statute provides:

> a. Robbery defined. A person is guilty of robbery if, in the course of committing a theft, he:
>
> (1) Inflicts bodily injury or uses force upon another; or
>
> (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or

(3) Commits or threatens immediately to commit any crime of the first or second degree.

An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

[N.J.S.A. 2C:15-1(a).]

In Cassady, a bank robber jumped over a seven-foot high bullet-proof glass partition where the teller fled, "fearing for her life." 198 N.J. at 178. The trial court rejected the request to charge the lesser included offense of theft because it was "ludicrous" that the facts supported any other offense than robbery. Ibid. The Supreme Court agreed there was no rational basis for the theft charge. Ibid. "[T]o claim that defendant's actions in this case merely constituted a theft improperly minimizes defendant's conduct and wrongfully belittles its import and consequences." Id. at 179.

State v. Sein, 124 N.J. 209, 211 (1991), involved a purse snatching. "[T]here was no evidence in the record that the taking of [the victim's] purse was accompanied by the use of force against her person . . . ." Ibid. In analyzing when theft should be charged, in contrast to robbery, the Court observed that "robbery requires more force than that necessary merely to snatch the object." Id. at 217. "The theft statute thus includes purse-snatchings from the grasp of

an owner, while the robbery statute includes purse-snatchings that involve some degree of force to wrest the object from the victim." Ibid. The Court affirmed the Appellate Division decision that reversed the defendant's conviction for robbery because the defendant's use of force was not sufficient to elevate the offense to robbery. Id. at 218.

In State v. Smalls, 310 N.J. Super. 285, 289-91 (App. Div. 1998), we concluded that a mere "bump" was not "sufficient evidence of force to raise [a] pick[-]pocket offense to a second[-]degree robbery." We noted "there was no struggle, no shoving or pushing, and no wrestling in order to take the victim's wallet." Id. at 291. In contrast, a "push" can constitute the use of force. In State v. Williams, 289 N.J. Super. 611, 617 (App. Div. 1996), we rejected the defendant's claim "that his pushing [the victim] did not constitute the use of force" under N.J.S.A. 2C:15-2 (carjacking).

Here, the trial court determined there was no rational basis for charging the jury on the offense of theft. Defendant used force to remove the chain from the victim's neck. The victim testified that after defendant unsuccessfully tried to break the chain, defendant pushed him to the ground and yanked the chain a second time with enough force to break it. He was bruised and scratched. The evidence did not support the defense theory that the force was directed only at

the jewelry. The jewelry was around the victim's neck. The action to remove the jewelry forcibly contacted the victim's neck. The victim testified he was pushed to the ground. That force plainly was directed at the victim not the chain. This supported the charge of second-degree robbery. We agree there was no rational basis to charge theft on these facts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2233-17T1